UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET HANNA SHISHA,

    Plaintiff,

v.

ALEJANDRO MAYORKAS,
Secretary of Homeland Security;
UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,

    Defendants.

Civil No. 21-12391

Hon. Arthur J. Tarnow
Mag. Judge Jonathan J.C. Grey

## Defendants' Motion to Dismiss

Defendants Alejandro Mayorkas, Secretary of the United States Department of Homeland Security, and United States Citizenship and Immigration Services, by their attorneys, Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Brittany D. Parling, Assistant United States Attorney, seek dismissal of Plaintiff's claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The grounds for this motion are set forth more fully in the attached brief.

Under Local Rule 7.1(a)(2)(A), on January 19, 2022, the undersigned counsel contacted counsel for Plaintiff and explained the nature of this motion and

its legal basis and requested but did not obtain concurrence in the relief sought.

              Respectfully Submitted,

              **Dawn N. Ison**
              United States Attorney

              */s/ Brittany D. Parling*
              **Brittany D. Parling** (P78870)
              Assistant United States Attorney
              211 W. Fort Street, Suite 2001
              Detroit, Michigan 48226
              (313) 600-8915
Dated: January 20, 2022      Brittany.Parling@usdoj.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET HANNA SHISHA,

    Plaintiff,

v.

ALEJANDRO MAYORKAS,
Secretary of Homeland Security;
UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,

    Defendants.

Civil No. 21-12391

Hon. Arthur J. Tarnow
Mag. Judge Jonathan J.C. Grey

## Brief in Support of Defendants' Motion to Dismiss

### ISSUE PRESENTED

Should the Court dismiss Plaintiff's mandamus claim where she cannot show that Defendants have a duty to change the date of birth on her certificate of naturalization from the date she admits she provided on her application for naturalization to the date she now alleges is her correct date of birth?

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES...........................................................................................iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ...............................v

INTRODUCTION ........................................................................................................1

BACKGROUND ..........................................................................................................2

STATUTORY AND REGULATORY FRAMEWORK............................................3

LEGAL STANDARDS ................................................................................................4

ARGUMENT ................................................................................................................5

   I.   The Court lacks mandamus jurisdiction to compel Defendants to change the date of birth on Plaintiff's certificate of naturalization. ............................5

   II.   The Court lacks jurisdiction to change the date of birth on Plaintiff's naturalization certificate. ................................................................................8

   III.   Plaintiff fails to state a claim under the Administrative Procedure Act.........10

CONCLUSION...........................................................................................................11

CERTIFICATION OF SERVICE.............................................................................12

# INDEX OF AUTHORITIES

**Cases**

*Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33 (1980) ..........................................6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................5

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008)..................5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)..............................................5

*Constant v. USCIS*, No. 14-1681, 2015 WL 9946518 (6th Cir. Aug. 21, 2015).......9

*Elgharib v. Napolitano*, 600 F.3d 597 (6th Cir. 2010) .............................................3

*Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955 (6th Cir. 2009) ............10

*Heckler v. Ringer*, 466 U.S. 602 (1984) ..................................................................6

*Jahan v. Houghton*, No. 20-CV-4597 (MKB), 2022 WL 50462
  (E.D.N.Y. Jan. 4, 2022) ..........................................................................................8

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)...........................5

*Maczko v. Joyce*, 814 F.2d 308 (6th Cir. 1987).......................................................6

*Malineni v. USCIS Detroit Dist.*, No. 2:12-CV-13453-VAR, 2013 WL 466204
  (E.D. Mich. Feb. 7, 2013)......................................................................................9

*McKenzie v. USCIS*, 761 F.3d 1149 (10th Cir. 2014)...............................................9

*Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266 (6th Cir. 1990).........5

*Parveen v. USCIS*, No. 117CV02575SEBMJD, 2018 WL 1545705
  (S.D. Ind. Mar. 13, 2018), *report and recommendation adopted*, No.
  117CV02575SEBMJD, 2018 WL 1536304 (S.D. Ind. Mar. 29, 2018)................8

*RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125 (6th Cir. 1996) .......4

*Short v. Murphy*, 512 F.2d 374 (6th Cir. 1975) .......................................................6

*United States v. Ritchie*, 15 F.3d 592 (6th Cir. 1994)..............................................4

*Yu-Ling Teng v. Dist. Dir., USCIS*, 820 F.3d 1106 (9th Cir. 2016) .........................9

**Statutes**

28 U.S.C. § 1361 ..................................................................................................3, 6

28 U.S.C. § 2401(a) ................................................................................................10

5 U.S.C. § 706(2)(A) ...............................................................................................10

6 U.S.C. § 271(b)(2) ............................................................................................3, 8

6 U.S.C. § 557 ............................................................................................................3

8 U.S.C. § 1421(a) ..............................................................................................3, 8

8 U.S.C. § 1449 ...................................................................................................3, 6

8 U.S.C. § 1451(h) ....................................................................................................3

Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978 ..............................3

**Rules**

Fed. R. Civ. P. 12(b)(1) .........................................................................................4, 5

Fed. R. Civ. P. 12(b)(6) .............................................................................................5

**Regulations**

76 F.R. 53764, 53801 (Aug. 29, 2011) .....................................................................4

8 C.F.R. § 334.16(b) ....................................................................................... 3, 4, 9

8 C.F.R. § 338.5 ....................................................................................................4, 7

8 C.F.R. § 338.5(a) ....................................................................................................7

8 C.F.R. § 338.5(e) ......................................................................................... 4, 7, 10

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

8 U.S.C. § 1421(a)

8 U.S.C. § 1451(h)

28 U.S.C. § 1361

8 C.F.R. § 338.5

*Maczko v. Joyce*, 814 F.2d 308 (6th Cir. 1987)

# **INTRODUCTION**

Plaintiff Janet Hanna Shisha seeks an order compelling Defendants Alejandro Mayorkas, Secretary of the United States Department of Homeland Security, and United States Citizenship and Immigration Services to change the date of birth on her certificate of naturalization from January 2, 1958—the date of birth she provided on her application for naturalization—to January 2, 1953, which she now alleges is her correct date of birth.

The Court should dismiss Plaintiff's complaint for lack of subject matter jurisdiction, or, alternatively, failure to state a claim upon which relief can be granted. Plaintiff is not entitled to the extraordinary remedy of mandamus—and she therefore fails to allege a jurisdictional basis for her claim—because she cannot show that Defendants have a clear duty to change the date of birth on her certificate of naturalization. In fact, the applicable regulations explicitly prohibit USCIS from issuing an amended certificate of naturalization under the facts Plaintiff alleges here. Nor does the Court have jurisdiction to judicially amend Plaintiff's certificate of naturalization, because that authority has been vested solely in the Executive Branch for over thirty years. Even if Plaintiff sought review of a final agency action of USCIS under the Administrative Procedure Act, that claim would fail as well. Accordingly, Plaintiff's complaint should be dismissed.

1

## BACKGROUND

Plaintiff Janet Hanna Shisha is a naturalized citizen of the United States. (Compl. ¶ 3, ECF No. 1, PageID.2.) Plaintiff alleges that she was born on January 2, 1953, in Baghdad, Iraq. (*Id.* ¶ 6, PageID.2.) She immigrated to the United States in 1992 based on an immigration petition filed by her sister. (*Id.* ¶ 7, PageID.2.) Plaintiff alleges that her permanent resident card showed her date of birth as January 2, 1953, the date on her original baptism certificate. (*Id.* ¶¶ 8–9, PageID.2.) After Plaintiff's sister misplaced the baptism certificate, Plaintiff requested and received a new baptism certificate listing her date of birth as January 2, 1958. (*Id.* ¶ 12, PageID.2.) Plaintiff claims she followed her sister's instructions and changed the date of birth on her permanent resident card to January 2, 1958, to match the date on her new baptism certificate. (*Id.* ¶¶ 13–17, PageID.3.)

When Plaintiff applied for naturalization, she provided a date of birth of January 2, 1958, on her application. (*Id.* ¶¶ 18–19, PageID.3.) On August 14, 1997, Plaintiff became a naturalized citizen of the United States. (*Id.* ¶ 20, PageID.3.) Consistent with her application for naturalization, Plaintiff's certificate of naturalization provides that she was born on January 2, 1958. (*Id.* ¶ 22, PageID.4.)

Plaintiff alleges that in 2000 or 2001, her nieces found her original baptism certificate, which shows her date of birth as January 2, 1953. (*Id.* ¶ 24, PageID.4.) On December 12, 2011, Plaintiff filed an application for a certificate of

naturalization to reflect her correct date of birth, which USCIS denied. (*Id.* ¶¶ 25–26, PageID.4.)

On October 10, 2021, Plaintiff filed her complaint for mandamus under 28 U.S.C. § 1361. (ECF No. 1.) She seeks an order compelling Defendants to provide her with a certificate of naturalization that reflects her name and age under 8 U.S.C. § 1449. (*Id.* ¶¶ 27–33, PageID.4–5.)

## **STATUTORY AND REGULATORY FRAMEWORK**

In 1990, Congress transferred naturalization authority from the judiciary to the executive. *See* Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978. The Immigration Act of 1990 conferred upon the Attorney General the "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). It also provided that the Attorney General has the power "to correct, reopen, alter, modify, or vacate an order" of naturalization. *Id.* § 1451(h). After Congress passed the Homeland Security Act of 2002, the statutory reference to the Attorney General now refers to the Secretary of the Department of Homeland Security. *See Elgharib v. Napolitano*, 600 F.3d 597, 606–07 (6th Cir. 2010) (citing 6 U.S.C. § 557). USCIS has the authority to adjudicate applications for naturalization. 6 U.S.C. § 271(b)(2).

Until 2011, 8 C.F.R. § 334.16(b) allowed courts to amend petitions for naturalization that had been acted on by courts before the 1990 transfer of authority

3

to the executive. 8 C.F.R. § 334.16(b) (providing for applications "to amend a petition for naturalization after final action thereon has been taken by the court"). This regulation was repealed effective November 28, 2011. *See* 76 F.R. 53764, 53801 (Aug. 29, 2011).

The only way to amend a certificate of naturalization issued by USCIS is by filing an application for issuance of a corrected certificate under 8 C.F.R. § 338.5. The regulation permits correction of a certificate of naturalization if it "does not conform to the facts shown on the application for naturalization, or a clerical error was made in preparing the certificate." Under 8 C.F.R. § 338.5(e), however, "[t]he correction will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization."

## **LEGAL STANDARDS**

Rule 12(b)(1) permits dismissal for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proving subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Rule 12(b)(1) motions fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). This motion mounts a facial attack, which "is a challenge to the sufficiency

of the pleading itself." *Id.* Accordingly, the Court accepts the complaint's allegations as true and evaluates whether they establish federal jurisdiction. *Id.*

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion under Rule 12(b)(6), courts construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Where, as here, a defendant seeks dismissal under both Rules 12(b)(1) and 12(b)(6), the Court is bound to consider the Rule 12(b)(1) motion first, because the Rule 12(b)(6) challenge becomes moot if the Court lacks jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

## ARGUMENT

**I.   The Court lacks mandamus jurisdiction to compel Defendants to change the date of birth on Plaintiff's certificate of naturalization.**

Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiff asserts a claim for mandamus and seeks an order compelling Defendants to issue her a corrected certificate of naturalization

5

with a different date of birth. (ECF No. 1, PageID.4–5.) Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

"The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue." *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987). To "establish either jurisdiction or entitlement to the writ," then, "a court must find that a duty is owed to the plaintiff." *Id.* A duty must be "mandatory or ministerial," not "discretionary or directory." *Id.* (quoting *Short v. Murphy*, 512 F.2d 374, 377 (6th Cir. 1975)); *see also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (noting that mandamus is available only if the defendant owes the plaintiff a "clear nondiscretionary duty"). Mandamus is a "drastic" remedy, "to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980).

Here, Plaintiff cannot demonstrate that Defendants have any clear nondiscretionary duty to grant her the relief she seeks. She cites 8 U.S.C. § 1449, which provides that naturalized citizens are entitled to receive a certificate of naturalization that contains their name and a "personal description of the naturalized person, including age." But Plaintiff does not dispute that she received a certificate of naturalization that contains a date of birth; instead, she contends

6

that the date of birth appearing on her certificate is incorrect.

Plaintiff does not identify any source—statutory or otherwise—that requires Defendants to issue a corrected certificate of naturalization with a different date of birth. Nor can she. Under 8 C.F.R. § 338.5, USCIS's authority to correct certificates of naturalization is limited to correcting mistakes that occurred at the time of naturalization due to clerical error by USCIS. 8 C.F.R. § 338.5(a). The regulation makes clear that correction "will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization." *Id.* § 338.5(e). That is the exact scenario Plaintiff alleges in this case.

Not only does Plaintiff fail to allege any clerical error by USCIS, she admits that her certification of naturalization reflects the date of birth she provided on her application for naturalization. (Compl. ¶¶ 18–19, ECF No. 1, PageID.3.) Plaintiff affirmatively chose to provide the January 2, 1958, birth date on her application, even though she knew it was incorrect at the time. (*Id.*) Thus, USCIS regulations required the agency to deny her request to correct her certificate of naturalization under these circumstances. Because Defendants have no clear duty to change the date of birth on her certificate of naturalization, the Court lacks subject matter jurisdiction over Plaintiff's mandamus claim.

Courts have dismissed mandamus claims like Plaintiff's for lack of subject matter jurisdiction. *See Jahan v. Houghton*, No. 20-CV-4597 (MKB), 2022 WL 50462, at *5 (E.D.N.Y. Jan. 4, 2022) (concluding that court lacked subject matter jurisdiction over mandamus claim seeking naturalization certificate with corrected birth date); *Parveen v. USCIS*, No. 117CV02575SEBMJD, 2018 WL 1545705, at *3 (S.D. Ind. Mar. 13, 2018), *report and recommendation adopted*, No. 117CV02575SEBMJD, 2018 WL 1536304 (S.D. Ind. Mar. 29, 2018) (concluding that "USCIS does not have a duty to provide Plaintiff a new naturalization certificate with the alleged correct date of birth because, as Plaintiff does not dispute, Plaintiff provided USCIS with the wrong date of birth during her naturalization process"). The Court should do the same here.

**II.     The Court lacks jurisdiction to change the date of birth on Plaintiff's naturalization certificate.**

The Court also lacks jurisdiction to judicially amend Plaintiff's certificate of naturalization because it was issued after October 1, 1991, when Congress transferred naturalization authority to the Executive Branch. Plaintiff alleges that she applied for naturalization after her sister died in 1995, and that she became a naturalized citizen in 1997. (Compl. ¶¶ 18, 20, ECF No. 1, PageID.3.) As a result, Plaintiff's certificate of naturalization was issued by USCIS under the authority of the Secretary of the Department of Homeland Security. *See* 8 U.S.C. § 1421(a); 6 U.S.C. § 271(b)(2).

8

It is well-established that courts lack subject matter jurisdiction to amend certificates of naturalization issued after 1991. In *Constant v. USCIS*, No. 14-1681, 2015 WL 9946518, at *1 (6th Cir. Aug. 21, 2015), the petitioner asked the district court to issue a corrected certificate of naturalization with a different date of birth than the one he had provided in his naturalization application. The Sixth Circuit held that "the district court correctly determined that it lacked the jurisdictional authority to amend or correct" the certificate because the petitioner applied for naturalization in 1995. *Id.* The Sixth Circuit also held that 8 C.F.R. § 334.16(b) "did not provide a jurisdictional basis for judicial review" of the petition. *Id.* at *2. As the court explained, "that regulation applied to petitions for naturalization that were filed before October 1, 1991, when the Immigration Act of 1990 took effect," and in any event, it was "repealed in 2011." *Id.*; *see also Malineni v. USCIS Detroit Dist.*, No. 2:12-CV-13453-VAR, 2013 WL 466204, at *2 (E.D. Mich. Feb. 7, 2013) (concluding that court lacked subject matter jurisdiction over petition to correct date of birth on naturalization certificate issued after 1990).

Other courts have rejected similar requests to amend certificates of naturalization issued after 1990. *See Yu-Ling Teng v. Dist. Dir., USCIS*, 820 F.3d 1106, 1110 (9th Cir. 2016) ("Nothing in the Immigration Act of 1990 grants us jurisdiction to amend an agency-issued certificate of naturalization or to order USCIS to do so."); *McKenzie v. USCIS, Dist. Dir.*, 761 F.3d 1149, 1156 (10th Cir.

9

2014) (observing that "when Congress ended the jurisdiction of district courts to naturalize aliens, it necessarily ended the jurisdiction to exercise powers derivative of the power to naturalize, including the power . . . to modify naturalization documents").

### III. Plaintiff fails to state a claim under the Administrative Procedure Act.

To the extent Plaintiff may seek review under the Administrative Procedure Act of USCIS's denial of her application for a corrected certificate of naturalization, she fails to state a claim upon which relief may be granted.

The APA authorizes courts to set aside final agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Plaintiff's complaint does not assert a claim under the APA. Even if it did, such a claim would be time-barred. APA claims are governed by the six-year statute of limitations in 28 U.S.C. § 2401(a), *Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 964 (6th Cir. 2009), and Plaintiff alleges that USCIS denied her application nearly ten years ago, in February 2012, (Compl. ¶ 26, ECF No. 1, PageID.4). Plaintiff also does not allege that the denial was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Indeed, she cannot make such an allegation because as discussed above, USCIS was required under 8 C.F.R. § 338.5(e) to deny her request for a corrected certificate of naturalization. Plaintiff cannot state a claim for relief under the APA.

## **CONCLUSION**

For these reasons, the Court should dismiss Plaintiff's complaint.

Respectfully Submitted,

**Dawn N. Ison**
United States Attorney

*/s/ Brittany D. Parling*
**Brittany D. Parling** (P78870)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 600-8915
Brittany.Parling@usdoj.gov

Dated: January 20, 2022

11

## CERTIFICATION OF SERVICE

I hereby certify that on January 20, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                             */s/ Brittany D. Parling*
                                             **Brittany D. Parling** (P78870)
                                             Assistant United States Attorney
                                             211 W. Fort Street, Suite 2001
                                             Detroit, Michigan 48226
                                             (313) 600-8915
                                             Brittany.Parling@usdoj.gov