UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET HANNA SHISHA,

    Plaintiff,                                                Case No. 21-12391

vs.                                                          HON. MARK A. GOLDSMITH

ALEJANDRO MAYORKAS, et al.,

    Defendants.
_____/

**OPINION & ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 7)**

Defendants (i) Alejandro Mayorkas, Secretary of the United States Department of Homeland Security (DHS), and (ii) United States Citizenship and Immigration Services (USCIS) move to dismiss Plaintiff Janet Hanna Shisha's claim for relief demanding that they issue her a new certification of naturalization (Dkt. 7). Because Shisha has failed to establish that this Court has subject-matter jurisdiction over her claim, the Court grants Defendants' motion.[1]

**I. BACKGROUND**

Shisha alleges that she was born in Baghdad, Iraq on January 2, 1953. Compl. ¶ 6 (Dkt. 1). She immigrated to the United States in 1992. Id. ¶ 7. After losing her baptism certificate, which memorialized her birthdate, Shisha requested and received a new baptism certificate. Id. ¶¶ 10–12. This new baptism certificate incorrectly identified her birthdate as January 2, 1958. Id. ¶ 12. When Shisha applied for naturalization in the United States, she provided this incorrect date of birth on her application. Id. ¶¶ 18–19. On August 14, 1997, Shisha became a naturalized citizen of the United States. Id. ¶ 20. Consistent with her application for naturalization,

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Shisha's response (Dkt. 8) and Defendants' reply (Dkt. 10).

Shisha's certificate of naturalization states that she was born on January 2, 1958. Id. ¶ 22.

Shisha alleges that she later found her original baptism certificate, which shows her actual date of birth as January 2, 1953. Id. ¶ 24. Shisha then filed an application with USCIS requesting a new certificate of naturalization to reflect her correct date of birth. Id. ¶ 25. USCIS denied this application. Id. ¶ 26. Because Shisha had provided an incorrect birthdate on her original application, USCIS's denial accorded with regulations governing the agency's review of proposed corrections to certificates of naturalization. See 8 C.F.R. § 338.5(e) ("The correction will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization.").

Shisha subsequently filed the present action seeking mandamus under 28 U.S.C. § 1361 to compel Defendants to provide her with a certificate of naturalization that reflects her correct name and age. Id. ¶¶ 27–33 (citing 8 U.S.C. § 1449) ("A person admitted to citizenship . . . shall be entitled upon such admission to receive . . . a certificate of naturalization, which shall contain . . . personal description of the naturalized person, including age . . . ."). Defendants moved to dismiss, arguing that this Court lacks subject-matter jurisdiction over Shisha's claim. For the reasons that follow, the Court agrees with Defendants and grants their motion.

## II. ANALYSIS

"Where a defendant moves to dismiss a complaint for the lack of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion." Davis v. United States, 499 F.3d 590, 594 (6th Cir. 2007) (punctuation modified, citation omitted).

The Court has no subject-matter jurisdiction to order an amendment to Shisha's

certification of naturalization. "[T]he 1990 Immigration Act transferred naturalization jurisdiction from the judicial to the executive branch of government." Malineni v. U.S. Citizenship & Immigr. Servs. Detroit Dist., No. 2:12-CV-13453-VAR, 2013 WL 466204, at *2 (E.D. Mich. Feb. 7, 2013) (citing 8 U.S.C.A. § 1421) ("The sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General."); see also Elgharib v. Napolitano, 600 F.3d 597, 606–607 (6th Cir. 2010) (explaining that the Homeland Security Act of 2002 transferred certain authority previously delegated to the Attorney General to DHS) (citing 6 U.S.C. § 557). The authority transferred to the executive branch includes the power "to correct, reopen, alter, modify, or vacate an order" of naturalization. 8 U.S.C. § 1451(h). Although the judiciary retained some authority in relation to naturalizations that preceded the legislation, the 1990 Immigration Act "clearly limits judicial review of petitions to amend naturalization documents to instances where the petitioner was naturalized prior to 1990." Malineni, 2013 WL 466204, at *2 (granting motion to dismiss because court lacked subject-matter jurisdiction to consider petition to change birth date on certification of naturalization where petitioner was naturalized after 1990).

Shisha was naturalized in 1997. Compl. ¶ 20. The Court thus lacks jurisdiction to review her petition. See Malineni, 2013 WL 466204, at *2; see also Constant v. U.S. Citizenship & Immigr. Serv., No. 14-1681, 2015 WL 9946518, at *1 (6th Cir. Aug. 21, 2015) ("Because [petitioner] applied for naturalization in 1995, his certificate of naturalization was issued by the USCIS under the authority of the Attorney General. Consequently, the district court correctly determined that it lacked the jurisdictional authority to amend or correct the certificate."); Yu-Ling Teng v. Dist. Dir., U.S. Citizenship & Immigr. Servs., 820 F.3d 1106, 1112 (9th Cir. 2016) ("[T]he district court lacked subject matter jurisdiction under the

3

Immigration Act to consider the merits and weigh whether USCIS should change an agency-issued certificate of naturalization [issued in 2001].").

Shisha's arguments to the contrary are unavailing. Her complaint relies on 28 U.S.C. § 1361, which states that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U. S. C. § 1361. However, "[t]he existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." Carson v. U.S. Off. of Special Couns., 633 F.3d 487, 491 (6th Cir. 2011) (punctuation modified, citation omitted). Given the transfer of authority regarding certifications of naturalization to DHS, as well as USCIS's proper consideration of Shisha's application in accordance with 8 C.F.R. § 338.5(e), Shisha has failed to establish any such duty. See Jahan v. Houghton, No. 20-CV-4597, 2022 WL 50462, at *5 (E.D.N.Y. Jan. 4, 2022) ("The Court lacks subject matter jurisdiction under 28 U.S.C. § 1361 because Plaintiff has not shown that she has a clear right to the relief sought or that USCIS has a plainly defined and peremptory duty to amend the birth date on her naturalization certificate.").

Shisha also argues that, to the extent that 8 C.F.R. § 338.5 instructs USCIS not to correct certifications of naturalization that contain incorrect birthdates, the regulation impermissibly conflicts with 8 U.S.C. § 1449. See Resp. at 7–9. At least one court has determined that this argument lacks merit. See Mahamud v. Dep't of Homeland Sec., No. 16-CV-2609, 2017 WL 2684224, at *5 (D. Minn. May 9, 2017), report and recommendation adopted, No. 16-CV-2609, 2017 WL 2683972 (D. Minn. June 21, 2017) ("[T]here is no contradiction between 8 C.F.R. § 338.5 and 8 U.S.C. § 1449. Section 1449 merely requires that a naturalization certificate contain

4

the age of the naturalized person; it does not prescribe the process by which the USCIS determines or corrects age.") (citation omitted). Regardless, Shisha's argument on this point does nothing to create subject-matter jurisdiction where courts agree that none exists.

### III. CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss (Dkt. 7).

SO ORDERED.

Dated: July 8, 2022                     s/Mark A. Goldsmith
Detroit, Michigan                  MARK A. GOLDSMITH
                                                   United States District Judge